GERNATT *v.* HUIET, commissioner of labor.

No. 13844. September 13, 1941.

*George G. McCoy,* for plaintiff in error.

*A. L. Henson, assistant attorney-general, Clifford Walker,* and *Otis L. Hathcock,* contra.

ATKINSON, Presiding Justice. To a suit brought by the commissioner of labor against Gernatt, to recover a sum alleged to be due under the Georgia "unemployment compensation law," a demurrer based solely on alleged grounds of unconstitutionality of the law was overruled, and Gernatt excepted. A constitutional attack is made on the act as a whole, and on several of its sections. While the identical questions presented have not heretofore reached this court, like assaults have been made on similar legislation enacted in a number of States. In no instance have the attacks been successful. In so far as the attack involves contention that the act is contrary to certain provisions of the constitution of the United States, the Federal Supreme Court has decided to the contrary, as will be seen by a reference to the authorities cited in the headnotes. "When we know with certainty that a question arising under the constitution of the United States has been definitely decided by the Supreme Court of that government, it is our duty to accept the decision, for the time being, as correct, whether it coincides with our own opinion or not. Any failure of due subordination on our part would be a breach, rather than the administration, of law." *Wrought Iron Range Co.* v. *Johnson,* 84 *Ga.* 754, 759 (11 S. E. 233, 8 L. R. A. 273). In so far as it is claimed that the act or some one of its constituent parts is in conflict with certain provisions of the constitution of this State, from the very na-

732

ture of the case none of these precedents can be absolutely controlling. However, as to those portions of the constitution of this State relied on as nullifying the legislation, the courts of other States having similar constitutional provisions have examined the same points of attack, and have in each instance held the statute valid. No attempt is made in the brief of counsel for the plaintiff in error to distinguish any of the cases hereinafter referred to; nor is there any insistence that there is anything peculiar in the organic law of Georgia that would make inapplicable as persuasive authority these decisions of other States; nor is there pointed out any difference in any of the provisions of the Georgia statute which would call for a different holding. The demurrer raises fundamental questions; and had not the argument pro and con been so frequently examined, it might be of interest to discuss them here in detail. There is already, however, abundant judicial precedent on every ground of the demurrer. The headnotes rule separately on the grounds of demurrer. In addition to the authorities there cited, see Gillum v. Johnson, 7 Cal. 2d, 744 (62 Pac. 1037, 63 Pac. 810) ; Suppiger v. Enking, 60 Idaho, 292 (91 Pac. 2d, 362) ; Industrial Commission v. Northwestern Mutual Life Insurance Co., 103 Colo. 550 (88 Pac. 2d, 560) ; Maine U. C. Com. v. Androscoggin Inc., ... Maine (Nov. 7, 1940) ; Chamberlin v. Andrews, 271 N. Y. 1 (2 N. E. 2d, 22) ; Gibson Products Co. v. Murphy, 186 Okla. 714 (100 Pac. 2d, 543) ; Globe Grain &c. Co. v. Industrial Com., 93 Utah, 36 (91 Pac. 2d, 512) ; Shelton Hotel Co. v. Bates, 4 Wash. 2d, 498 (104 Pac. 2d, 476) ; Murphy v. Hurlbut Undertaking &c. Co., 346 Mo. 405 (142 S. W. 2d, 449) ; Commonwealth v. Perkins, ... Pa. (1940). The judgment overruling the demurrer is          *Affirmed. All the Justices concur.*